Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in The U.S. DISTRICT COURT at Seattle, Washington.

October 8, 2002
BRUCE RIFKIN, Clerk
By _____ Deputy

CR 02-00209 #00000039

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR02-0209R |
| Plaintiff, | |
| v. | SECOND SUPERSEDING INDICTMENT |
| EDWARD DARRELL KOPLIN, | |
| Defendant. | |

The Grand Jury charges that:

### COUNT 1
(Coercion and Enticement)

At an exact date unknown but sometime between May 1, 2002, and June 6, 2002, at Kent, within the Western District of Washington, and elsewhere, EDWARD DARRELL KOPLIN, knowingly persuaded, induced, enticed, and coerced JANE DOE, a minor female, date of birth August 7, 1990, to travel in interstate commerce from Salt Lake City, Utah, to Kent, Washington, to engage in a sexual act for which any person may be criminally prosecuted under the laws of the State of Washington, that is, Revised Code of Washington, 9A.44.073, Rape of a Child in the First Degree.

All in violation of Title 18, United States Code, Section 2422(a).

### COUNT 2
(Transportation of Minors)

On or about June 6, 2002, at Kent, within the Western District of Washington, EDWARD DARRELL KOPLIN did knowingly transport and cause to be transported in

1  interstate commerce, JANE DOE, a minor female, date of birth August 7, 1990, with the
2  intent that JANE DOE engage in sexual activity for which any person can be charged
3  with a criminal offense, that is, Rape of a Child in the First Degree, in violation of
4  Revised Code of Washington, 9A.44.073.
5        All in violation of Title 18, United States Code, Section 2423(a).

## COUNT 3
(Obstruction of Justice)

      Between on or about June 6, 2002, and on or about June 13, 2002, at Kent, within the Western District of Washington, and elsewhere, the Defendant, EDWARD DARRELL KOPLIN, did corruptly attempt to influence, obstruct, and impede and endeavor to influence, obstruct, and impede the due administration of justice in this case, to wit: United States v. Koplin, No. CR02-0209R, in the United States District Court, for the Western District of Washington, by attempting to persuade Edward Darrell Koplin II to remove and destroy evidence from his mobile home located at 4589 Monte Grande Drive Salt Lake City, Utah, with which EDWARD DARRELL KOPLIN is charged in the case.

      All in violation of Title 18, United States Code, Section 1503.

## COUNT 4
(Forfeiture)

      The allegations in Counts 1 and 2 of the Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to 18 United States Code, Section 2253(a)(3). Upon conviction of one or more of the offenses, alleged in Counts 1 and 2 of this Indictment, EDWARD DARRELL KOPLIN shall forfeit to the United States pursuant to 18 United States Code, Section 2253(a)(3), all visual depictions which were produced, transported, mailed, shipped or received in violation of the law; all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses, including but not limited to the following:

A.  All personal or real property used or intended to be used to commit the offenses, including:

    (1)  CURRENCY

        A sum of money equal to approximately Eight Thousand Nine Hundred Dollars ($8900) currency, representing the amount collected from EDWARD DARRELL KOPLIN at the time of his arrest;

    (2)  CONVEYANCE

        A green 1999 Dodge Grand Caravan, bearing Idaho License Plate 645DE, registered to EDWARD DARRELL KOPLIN;

    (3)  JEWELRY

        Precious gemstones, precious metal, and jewelry seized on or about June 6, 2002 from the hotel room of EDWARD DARRELL KOPLIN, located at the Marriott Town Place Motel at 18123 72nd Avenue South, Kent, Washington, Room D-132, which includes the following: one sapphire ring, and two heart pendants; and

    (4)  OTHER PROPERTY SEIZED

        A book entitled "Horse-Happy School Girl," a book entitled "Sex Before 12," a book entitled "Animal 4 Bizarre," a video entitled "Pumpin in the Hood," a video entitled "Gang Triple Bang," a video entitled "Black Magic Women," Snyder lubricating jelly, Flying Pecker Pop Gun dildo, C-Kama clitoral pleasure, a silver vibrator, two tan with silver tip vibrators, a tan and beige vibrator, a Doc Johnson vibrator, a portable massager pack, three packs of Viagra, two purple dildos, a white vibrator, Sheffields Lubrigel lubricant, a blue vibrator, and a Health O Meter Pro Relief two-headed

| | | |
|---|---|---|
| 1 | | vibrator; |

2  If any of the above-described forfeitable property, as a result of any act or omission of the
3  defendant –

4      a.    cannot be located upon the exercise of due diligence;

5      b.    has been transferred or sold to, or deposited with, a third person;

6      c.    has been placed beyond the jurisdiction of the court; or

7      d.    has been substantially diminished in value;

8      e.    has been commingled with other property which cannot be divided
9          without difficulty;

10  it is the intent of the United States, pursuant to Title 18, United States Code,
11  Section 2253(o), to seek forfeiture of any other property of EDWARD DARRELL
12  KOPLIN, or assets of equal value, up to the value of the above forfeitable property.

13  All in violation of Title 18, United States Code, Section 2253(e).

A TRUE BILL:

DATED: October 8, 2002

_____
FOREPERSON

_____
JOHN McKAY
United States Attorney

_____
SUSAN M. HARRISON
Assistant United States Attorney

_____
ILENE J.K. MILLER
Assistant United States Attorney

_____
BRUCE F. MIYAKE
Assistant United States Attorney